**Ray LINDSEY, Plaintiff–Appellant,**

**v.**

**FBI OFFICES; U.S. Attorney Offices; Department of Justice; Jean, Agent; Rodgers, Head Counsel; Huff, Co–Director; The Police Department of Healdton, past and present; Tyson's Crime Family, of Little Rock, Arkansas; Bill Lassitor's Crime Family, of Little Rock, Arkansas; Brown's Crime Family, of Carter County, Oklahoma a/k/a Dixie Mafia; Heartland Nursing Homes; John Shelton a/k/a Roy Spears; Mercy Hospital, at Ardmore; Dr. Troop; Dr. Barbour; The Police Department of Healdton, of Latin descent, and their families, as they're all involved; Bob, a Mercy Hospital Administrator; Novella, Claude Wood's Aunt; Christy Aycox; Dr. Newey; Read's Wal–Mart Crime Family; Carter County Deputy, known as Hoss; M&M Fence Co., its owners, employees, stockholders, families; Earl, past Carter County Undersheriff (he was involved in the evidence locker deal too); Harvy Burkhart; Bell Wrecker; Bullocks Express; Great West Casualty Company; Janet Doe, daughter of an Ardmore Police Department Officer Brass, Respondents–Appellees.**

No. 03–7038.

United States Court of Appeals,
Tenth Circuit.

Nov. 10, 2003.

Ray Lindsey, Healdton, OK, for Plaintiff–Appellant.

Susan S. Brandon, Office of the United States Attorney, Muskogee, OK, Bobby Lynn Pinkerton, Healdton, OK, Paul Scott Hathaway, Conner & Winters, Tulsa, OK, Stephen Peterson, Michael S. McMillin, Fenton, Fenton, Smith, Reneau & Moon, Oklahoma City, OK, Walter D. Haskins, Galen L. Brittingham, Marthanda J. Beckworth, Atkinson, Haskins, Nellis, Boudreaux, Holeman, Phipps & Brit, Tulsa, OK, Mark T. Steele, Kaycee Deen, Roni S. Rierson, Latham Stall Wagner Steele & Lehman PC, Tulsa, OK, Chris J. Collins, Robert E. Applegate, Collins, Zorn, Wagner & Gibbs, Oklahoma City, OK, Robert Inglish, Okmulgee, OK, Robert W. Nelson, Philip W. Anderson, Whitten, Nelson, McGuire, Wood, Terry, Roselius & Dittrich, Oklahoma City, OK, W. Wayne Mills, Margaret K. Myers, The Mills Law Firm, Oklahoma City, OK, for Defendants–Appellees.

Before EBEL, HENRY, and HARTZ, Circuit Judges.

## ORDER AND JUDGMENT[*]

HENRY, Circuit Judge.

After examining the briefs and appellate record, this panel has determined unanimously to decide this case on the briefs without oral argument. *See* Fed. R.App. P. 34(a)(2)(C). The case is therefore ordered submitted without oral argument.

Ray Lindsey filed a lawsuit seeking actual damages, punitive damages, injunctive relief, and a "smart money award" as a result of the FBI's and the various federal defendants' conspiring with approximately 75 identified and unidentified defendants for the murder of his brother, Danny Lindsey, his mother, Flora Woods, and the attempted murder of Mr. Lindsey himself. He seeks $8 million in actual damages, $8 million in punitive damages, an $8 million "smart money award," class action certification, unspecified injunctive relief, and the removal of the federal defendants from their employment.

Several of the defendants filed various motions to dismiss Mr. Lindsey's complaint. The district court ruled that Mr. Lindsey had not alleged any injury that would support a RICO claim. The court also determined that Mr. Lindsey failed to demonstrate actual state action by defendants who are not officials of the state. With regard to Mr. Lindsey's conspiracy claims, the district court found that Mr. Lindsey failed to show a deprivation of his civil rights as a result of the conspiracy. Finally, the district court found that Mr. Lindsey failed to allege any personal participation of the named defendants or to "demonstrate an actual conspiracy or that those persons acted under color of state law." Rec. doc. 111 (Dist. ct. order filed Feb. 12, 2003) at 9. The district court also denied Mr. Lindsey's motions for reconsideration. Mr. Lindsey now appeals.

On appeal, Mr. Lindsey appeals all issues decided by the district court. In addition, he raises various new issues on appeal, which we will not address for failure to raise them before the district court, *McDonald v. Kinder–Morgan, Inc.,* 287

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

F.3d 992, 999 (10th Cir.2002) (noting that absent "extraordinary circumstances," we do not consider arguments raised for the first time on appeal). He also alleges that the district court judge acted with bias and prejudice, and that he conspired with the defendants when he granted the motions to dismiss in an attempt to cover up the lies of the defendants. Mr. Lindsey also seeks to proceed in forma pauperis before this court.

"We review de novo the district court's grant of a 12(b)(6) motion to dismiss." *Moffett v. Halliburton Energy Servs., Inc.*, 291 F.3d 1227, 1231 (10th Cir.2002) (internal quotation marks omitted). We liberally construe Mr. Lindsey's pro se pleadings. *See Haines v. Kerner*, 404 U.S. 519, 520–21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972) (per curiam).

We have reviewed the numerous filings by Mr. Lindsey presented to this court, the briefs on appeal, the district court order, and the entire record before us. We AFFIRM the granting of the defendants' motions to dismiss all of the outstanding claims against all of the defendants for substantially the same reasons set forth in the district court's thorough order dated Feb.12, 2003, a copy of which is attached. We DENY Mr. Lindsey's motion to proceed in forma pauperis. All other outstanding motions are denied.

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.